CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2016 JUN -3 AM 9: 49

DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

GEORGE D. GREENWOOD, JR., §
          Plaintiff, §
           §
           §
v. §      Civil Action No.  4:15-CV-062-O-BL
           §
           §
CAROLYN W. COLVIN, §
Acting Commissioner of Social Security, §
           §
          Defendant. §      Referred to U.S. Magistrate Judge

## REPORT AND RECOMMENDATION

Pursuant to 42 U.S.C. § 405(g), Plaintiff George Greenwood seeks judicial review of the decision of the Commissioner of Social Security (Commissioner), who denied his application for social security income (SSI) under Title XVI of the Social Security Act (Act). The United States District Judge reassigned the case to this Court pursuant to 28 U.S.C. § 636(c). The parties have not consented to proceed before a United States Magistrate Judge. After considering all the pleadings, briefs, and administrative record, this Court recommends the decision of the Commissioner be affirmed and this case be dismissed.

## I. STATEMENT OF THE CASE

Plaintiff filed an application for disability insurance benefits (DIB) and SSI on July 27, 2011. That application was denied initially on October 20, 2011, and again on reconsideration on May 16, 2012. Plaintiff requested a hearing, which was held before an Administrative Law Judge (ALJ) on September 30, 2013. The ALJ issued an opinion on November 19, 2013, finding Plaintiff not disabled.

Specifically, the ALJ found during step one that Plaintiff had not engaged in any substantial gainful activity since the application date. Admin. R. 19. At step two, the ALJ found Plaintiff had a severe impairment of low back pain. Admin. R. 19. In step three, the ALJ found that a "review of the objective medical evidence fails to show that any of the claimant's medically determinable impairments, either singularly or in combination, meet, or equal in contemplated severity, any of the impairments contained within the Listing of Impairments" and that the Plaintiff was not presumptively disabled. Admin. R. 19. The third step analysis of the objective medical evidence continued, with the ALJ finding that Plaintiff "has retained the functional capacity for sedentary work." Admin. R. 21. At step four, the ALJ concluded that Plaintiff was unable to return to past relevant work, and at step five ruled that the Administration met its burden by showing that Plaintiff retained functional capacity for a full range of sedentary work and was therefore not entitled to SSI or DIB. Admin. R. 22.

Plaintiff appealed to the Appeals Council, which denied review on December 1, 2014. Therefore, the ALJ's decision is the Commissioner's final decision and is properly before the Court for review. *Higginbotham v. Barnhart*, 405 F.3d 332, 334 (5th Cir. 2005) ("[t]he Commissioner's final decision includes the Appeals Council's denial of [a claimant's] request for review").

## II. FACTUAL BACKGROUND

According to his pleadings and testimony at the administrative hearing, Plaintiff was forty-three years old and married at the time of the administrative hearing. He was born in Maryland, and attended school until the 8th grade. He lived in Maryland for most of his life, moving to Texas roughly nine months before the administrative hearing. Plaintiff has worked in the kitchen at restaurants, as well as maintaining and repairing boats and aircraft. He complains

of back pain, as well as carpal tunnel symptoms and symptoms related to sleep apnea. He alleges

these physical impairments render him disabled under the Act.

### III. STANDARD OF REVIEW

A person is disabled if he is unable to "engage in any substantial gainful activity by

reason of any medically determinable physical or mental impairment which can be expected to

result in death or which has lasted or can be expected to last for a continuous period of not less

than twelve months." 42 U.S.C. §§ 1382(c)(a)(3)(A), 423 (d)(1)(A) (2012). "'Substantial gainful

activity' is work activity involving significant physical or mental abilities for pay or profit."

*Masterson v. Barnhart*, 309 F.3d 267, 271 n.2 (5th Cir. 2002); 20 C.F.R. § 404.1572(a)-(b).

To evaluate a disability claim, the Commissioner follows a "five-step sequential analysis

to determine whether (1) the claimant is presently working; (2) the claimant has a severe

impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social

security regulations; (4) the impairment prevents the claimant from doing past relevant work;

and (5) the impairment prevents the claimant from doing any other substantial gainful activity."

*Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007); *see also* 20 C.F.R. §§ 404.1520(a)(4),

416.920(a)(4). "The claimant bears the burden of showing [he] is disabled through the first four

steps of the analysis; on the fifth, the Commissioner must show that there is other substantial

work in the national economy that the claimant can perform." *Audler*, 501 F.3d at 448. Before

proceeding to steps 4 and 5, the Commissioner must assess a claimant's RFC. *Perez v. Barnhart*,

415 F.3d 457, 461 (5th Cir. 2005). RFC is defined as "the most [a claimant] can still do despite

[the claimant's] limitations." 20 C.F.R. § 416.945(a)(1).

This Court's review of the Commissioner's decision to deny disability benefits is limited

to an inquiry into whether substantial evidence supports the Commissioner's findings, and

whether the Commissioner applied the proper legal standards. *Waters v. Barnhart*, 276 F.3d 716,

718 (5th Cir. 2002) (citing *Estate of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000)).

Substantial evidence "is more than a mere scintilla and less than a preponderance" and includes

"such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

*Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000); *Watson v. Barnhart*, 288 F.3d 212, 215 (5th

Cir. 2002). If substantial evidence supports the Commissioner's findings, then the findings are

conclusive and the Court must affirm the Commissioner's decision. 42 U.S.C. § 405(g);

*Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Newton*, 209 F.3d at 452. The Court may not

reweigh the evidence, try the issues *de novo*, or substitute its judgment for the Commissioner's,

even if the Court believes that the evidence weighs against the Commissioner's decision.

*Masterson*, 309 F.3d at 272. Moreover, "[c]onflicts in the evidence are for the Commissioner and

not the courts to resolve." *Newton*, 209 F.3d at 452.

## IV. DISCUSSION

Plaintiff raises three issues on appeal. He claims the ALJ failed in step two both to apply

the correct legal standard and to fully consider additional medically determinable impairments

along with the back pain. He also claims that the ALJ did not properly weigh and evaluate expert

medical opinions. Finally, he claims that the ALJ erred by finding Plaintiff's testimony regarding

pain and limitations as not credible.

### A. Step Two Legal Standard

In step two of the five-step analysis, the ALJ determines whether the claimant has a

medically severe impairment or combination of impairments. *Bowen v. Yuckert*, 482 U.S. 137,

140-41 (1991). The Court of Appeals for the Fifth Circuit "set out the correct legal standard to

use for determining 'nonseverity,' and held that it will be assumed that the wrong standard was

4

applied unless the correct standard is set forth by reference to [*Stone*] or another [judicial opinion] of the same effect, or by an express statement that the construction [the Fifth Circuit] gives is used." *Lynch v. Shalala*, 19 F.3d 14 (5th Cir. 1994) (*per curiam*); *see Stone v. Heckler*, 752 F.2d 1099, 1101 (5th Cir. 1985). "An impairment can be considered as not severe only if it is a slight abnormality having such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience." *Stone*, 752 F.2d at 1101 (5th Cir. 1985). The Fifth Circuit has made clear, however, there is no requirement for the "use of 'magic words' for compliance with *Stone*." *Lynch*, 19 F.3d 14 (citing *Hampton v. Bowen*, 785 F.2d 1308, 1311 (5th Cir. 1986)). A court will remand "only where there is no indication the ALJ applied the correct legal standard." *Id.*

The ALJ fulfilled the Fifth Circuit-required invocation of the *Stone* standard by stating that "a severe impairment … [is] one which would have more than a slight effect on his ability to engage in those basic work-related activities set forth in 20 C.F.R. §§ 404.1521(b) and 416.921(b)." Admin. R. 19. The ALJ then states that the Plaintiff alleges disability to low back pain and concludes that he has a severe impairment, presumably that of the low back pain. Admin. R. 19. Plaintiff argues in this appeal that the ALJ erred by not additionally listing and considering Plaintiff's impairments from sleep apnea and carpal tunnel syndrome as severe. Pl.'s Mem. 5, July 21, 2005. Despite Plaintiff's allegation that consideration of these impairments as severe would change the analysis of later steps, there is no reason to believe that this is the case. *Id.*

Even assuming *arguendo* that the ALJ had found all three impairments as severe, there is no point at which this hypothetical result would have impacted the analysis of the ALJ. The Plaintiff has not argued that his combination of impairments would be equal in severity to an

impairment listed in the C.F.R., changing the analysis in step three, or that they would change the step four finding that Plaintiff is unable to perform his past relevant work. Instead he argues that the ALJ could not meet the shifted burden in step 5 without classifying the two other impairments as severe and reckoning with them explicitly. *Id.*

However, there is substantial evidence the ALJ's step-five finding that "claimant has retained the functional capacity for a full range of sedentary level work" was reached considering all of Plaintiff's impairments, not only the back pain. Admin. R. 22. That substantial evidence includes a statement by Dr. Otmishi that Plaintiff "has no daily activity difficulties" and assessments stating that Plaintiff retained the ability for less physically strenuous work than he had performed previously. Admin. R. 66, 80, 484. Furthermore, Plaintiff provides no evidence that the ALJ did not consider his carpal tunnel or sleep apnea symptoms in determining the RFC except for complaining that they were not labeled as severe. *See Jones v. Bowen*, 829 F.2d 524, 526 n.1 (5th Cir. 1987) (finding step two argument "disingenuous" when ALJ proceeds through sequential evaluation); Pl.'s Mem. 6, July 27, 2015.

The ALJ made his finding that Plaintiff retained the RFC for sedentary work "[a]fter careful consideration of the entire record...." Admin. R. 21. An ALJ need not specifically list evidence accepted and rejected in reaching findings. *See Falco v. Shalala*, 27 F.3d 160, 164 (5th Cir. 1994). With regard to the alleged defects in step two analysis, there is substantial evidence supporting the Commissioner's findings, and the correct standard was applied in reaching those findings.

## B. Crediting and Weighing Expert Opinions

The ALJ also acted correctly in declining to find Plaintiff's sleep apnea symptoms and carpal tunnel were impairments rising to the level of disability, despite Plaintiff's assertions that

medical opinions in the record command that result. Pl.'s Mem. 8, July 21, 2015. The opinion of

an acceptable treating medical source is given great weight. *Newton*, 209 F.3d at 453.

"Acceptable medical source refers to one of the sources described in [20 C.F.R.] § 404.1513(a)

who provides evidence about [claimant's] impairments. It includes treating sources, nontreating

sources, and nonexamining sources." 20 C.F.R. § 404.1502. Plaintiff alleges that improper credit

and consideration were given to the evidence supplied by two acceptable sources and one other

source.

The primary acceptable source complained about is the opinion of Dr. Peyman Otmishi,

M.D. as to Plaintiff's sleep apnea symptoms. Pl.'s Mem. 10, July 21, 2015. The reports of Dr.

Otmishi, as well as the reports of Dr. Hartman, were medical opinions and, as such, the ALJ is

required to consider the factors of the examining relationship, treatment relationship,

supportability, consistency, specialization, and any other factors "which tend to support or

contradict the opinion" in deciding the proper weight to give such opinions. Pl.'s Mem. 12, July

21, 2015; 20 C.F.R. § 404.1527(c). Plaintiff argues that since these opinions are not mentioned

directly in the ALJ decision, that they were not properly evaluated and weighted under §

404.1527(c). Pl.'s Mem. 13, July 21, 2015.

"[A]bsent reliable medical evidence from a treating or examining physician controverting

the claimant's treating specialist, an ALJ may reject the opinion of [a] treating physician only if

the ALJ performs a detailed analysis of the treating physician's views under the criteria set forth

in 20 C.F.R. § 404.1527(d)(2)." *Newton*, 209 F.3d at 453. Dr. Hartman was a nonexamining

source and not such a treating physician, and so his medical opinion need not specifically be

analyzed under *Newton* by the ALJ. 20 C.F.R. § 404.1502; Admin. R. 78. The medical opinion

of Dr. Otmishi would need to be so analyzed if it were rejected. *Newton*, 209 F.3d at 453.

*Newton* ensures that the opinion of a "non-specialty medical expert who had not examined the claimant" is not given more weight than that of a treating or examining physician, but the ALJ here did not give such preference to a different medical opinion with regard to Dr. Otmishi's report. *Id.* As above, the ALJ indicates that he considered the entire record, including Dr. Otmishi's medical opinion regarding the sleep apnea symptoms, in finding that the Plaintiff retained an RFC for sedentary work. Admin. R. 22. The Plaintiff supplies no evidence that the ALJ ruling contradicts the medical opinion of Dr. Otmishi, only that the opinion is not specifically mentioned and analyzed. Plaintiff's implied assertion is that every ALJ ruling must fully analyze the medical opinion of every treating physician under § 404.1502.[1] This is flatly contrary to the language in *Newton*, which states that such reckoning need only be explicit when the medical opinion of a treating physician is rejected in favor of that of a nonexamining expert. Newton, 209 F.3d at 453. Here, Dr. Otmishi's medical opinion was not rejected in favor of a nonexamining expert's opinion, and so it was no error for the ALJ to decline to analyze the opinion under § 404.1502.

The other source of putative medical opinion the Plaintiff claims the ALJ did not properly credit is the evidence presented by Amit Patel, P.A.. Pl.'s Mem. 10, July 21, 2015. Plaintiff agrees that Mr. Patel's opinion must be evaluated as a "nonacceptable medical source," as Mr. Patel is a physician's assistant. Pl.'s Mem. 3, Sept. 10, 2015. A physician's assistant is an "other source" under the regulations, which state that the Commissioner "may use evidence from other sources to show the severity of [claimant's] impairment(s) and how it affects [claimant's] ability

---

[1] This court finds no support for Plaintiff's assertion that "if an ALJ rejects the limitations contained within a medical opinion, he must explain why the limitations were excluded and give 'good reasons' for doing so" in either of the cited references of *Loza v. Apfel*, 219 F.3d 378, 396 (5th Cir. 2000) or SSR 96-2P (S.S.A.), 1996 WL 374188. To the contrary, the SSR language that a treating source's well-supported medical opinion is only controlling when not inconsistent with other substantial evidence in the case record and that a treating source's medical opinion is not automatically rejected if the ALJ finds it is not entitled to controlling weight both seem to cast doubt on Plaintiff's argument. SSR 96-2P (S.S.A.), 1996 WL 374188.

to work." 20 C.F.R. § 404.1513(a), (d). Plaintiff asserts that limitations from Mr. Patel's opinion, and other opinions, were not sufficiently considered in finding Plaintiff retained RFC sufficient for sedentary work, but fails to show how those limitations from the opinions are inconsistent with an RFC for sedentary work.[2] Pl.'s Mem. 14, July 21, 2015.

Furthermore, as an "other source," Mr. Patel's testimony and evidence may be used only to establish the severity of an impairment and how that impairment affects the claimant's ability to work. 20 C.F.R. § 404.1513(a). Since the ALJ found the back pain severe, Plaintiff is arguing that the ALJ did not properly credit Mr. Patel's opinion about the claimant's ability to work. Admin. R. 19, 543; 20 C.F.R. § 404.1513(a). Plaintiff does not argue that the alleged failed back syndrome should be considered as a separate impairment from the pain which would have changed the analysis at any step, and again, the decision as to whether a claimant is disabled is an ultimate issue reserved to the Commissioner. Pl.'s Mem. 11, July 21, 2015; *See Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995) (finding that the ALJ is responsible for determining a claimant's RFC). The ALJ thoroughly analyzed the opinion of Mr. Patel and took it under consideration, and Plaintiff's argument that limitations within it were rejected is without merit.

The Plaintiff argues that "[a]ll of the medical opinions in this case contain limitations that are not addressed by the ALJ's RFC finding that [Plaintiff] can perform a full range of sedentary work." Pl.'s Mem. 13, July 21, 2015 (quoting Admin. R. 21). In support of this assertion, Plaintiff offers the RFC assessment of Dr. Hartman. Pl.'s Mem. 11-12, July 21, 2015. Plaintiff again seems to argue that the burden is placed on the ALJ to demonstrate that every medical opinion of any sort was considered, weighted, analyzed, and either accepted or rejected in the whole within the text of the ALJ decision. *Id*. Acceptance of this argument would improperly

---

[2] Excepting Plaintiff's quotation of Mr. Patel's opinion that disability is appropriate, which is an ultimate legal question for decision by the Commissioner, and was rightly left out of the ALJ's finding. Doc. 14, p. 11; *See Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995) (finding that the ALJ is responsible for finding a claimant's RFC).

shift the burden, since this court must affirm if there is substantial evidence supporting the ALJ's

findings, and since an ALJ need not explicitly state every factor and decision-making process

that informs the decision. *See Falco*, 27 F.3d at 164.

Furthermore, the Plaintiff additionally has the burden of showing prejudice in any of the

alleged imperfections in the ALJ decision. *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988).

So long as "the substantial rights of a party have not been affected[,]" any alleged defects are

harmless since "[p]rocedural perfection in administrative proceedings is not required[.]" *Morris*

*v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1998) (quoting *Mays*, 837 F.2d at 1364). Phrased

differently, the claimant must provide evidence that the defects complained of could have

changed the result. *See Brock v. Chater*, 84 F.3d 726, 729 n.1 (5th Cir. 1996). Plaintiff has failed

to show that there is not substantial evidence within the record to support the ALJ's RFC finding.

### C. Assessing Claimant's Credibility

An ALJ must conduct a four-step credibility inquiry in considering a claimant's

testimony regarding their symptoms. 20 C.F.R. § 404.1529. First, the ALJ must determine

whether there exists a medically determinable impairment that could reasonably produce the

claimant's alleged pain and symptoms. *Id.* Second and third, the ALJ decides whether the

impairment is listed, or equals an impairment listed. *Id.* Fourth, the ALJ should evaluate the

persistence and effects of those symptoms to determine what impact they might have on the

claimant's RFC. *Id.*

The Plaintiff argues that the ALJ did not sufficiently explain his determinations in step

one of that four-step process. Pl.'s Mem. 15, July 21, 2015. However, an ALJ need not explicitly

elucidate at each step of the credibility process, according to the Fifth Circuit. *Clary v. Barnhart*,

214 Fed.Appx. 479, 482 (5th Cir. 2007); *Hillman v. Barnhart*, 170 Fed.Appx. 909, 913 (5th Cir.

2006); *see Haywood v. Sullivan*, 888 F.2d 1463, 1471 (5th Cir. 1989) (implied credibility determinations are permissible). An ALJ is entitled to weigh the evidence provided by medical experts and lay witnesses alike, and does not err in finding medical opinions more persuasive than the claimant's subjective evidence. *See Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994). There is substantial evidence supporting the ALJ's determination of the claimant's credibility in the form of medical records and testimony. Admin. R. 66, 80, 484.

## V. CONCLUSION

Considering the foregoing, it is **RECOMMENDED** that the decision of the Commissioner be **AFFIRMED** and Plaintiff's complaint be **DISMISSED**.

**IT IS ORDERED** that this case is **TRANSFERRED** back to the docked of the United States District Judge.

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

**SO ORDERED**.

Dated June _____3_____, 2016.

E. SCOTT FROST
**UNITED STATES MAGISTRATE JUDGE**